ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Ronald W. Novotny         State Bar No. 100041
    RNovotny@aalrr.com
Casandra P. Secord         State Bar No. 237395
    CSecord@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200
Fax: (562) 653-3333

Attorneys for Defendant BNSF RAILWAY COMPANY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| HILYALE MAKOR, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>        Defendant. | Case No. EDCV-14-00671 VAP(SPx)<br><br>**PROTECTIVE ORDER**<br><br>[NOTE CHANGES MADE BY COURT] |

Defendant has asked Plaintiff to produce certain medical information, including information related to Plaintiff's claim that his alleged mental disability was caused by certain private health conditions, which Plaintiff contends is confidential in nature and protected by his right to privacy and by California law. On this basis, Plaintiff has objected and refused to provide information absent a stipulated protective order governing the production of such information.

The parties are agreeable that the production of such information be governed by a Protective Order safeguarding the confidentiality of the information produced and ensuring that it will be used within and for the purposes of this proceeding only. On this basis, the Court enters the following Protective Order pursuant to the stipulation of the Parties.

1. The documents and information by provided by Plaintiff regarding his or any third parties' health status shall be subject to this Protective Order and shall be deemed "Confidential."

2. Upon receipt by Defendant's attorney, the documents and information produced pursuant to this Protective Order shall be placed in a file or files bearing the words "Confidential."

3. The "Confidential" material produced pursuant to this Protective Order shall not be shown or disclosed, directly or indirectly, to any persons or entities other than (a) Defendant, (b) Defendant's attorney, their associated attorneys, paralegals, clerks or secretarial employees engaged in this litigation; and (c) Defendant's intended lay and expert witnesses for the purpose of preparing his testimony either in deposition or at trial, provided that any such witnesses acknowledge and agree to be bound by this Protective Order.

4. The parties may make photocopies of documents subject to this Protective Order for internal use and for use as part of filings with the Court and during depositions.

5. If, at any time during the pendency of this action, counsel for any party wishes to exclude certain information from the provisions of this Protective Order, the party may proceed by motion before the Court, in compliance with Local Civil Rule 37.

6. If Defendant's attorney desires to communicate confidential material produced pursuant to this Protective Order in any fashion to any persons other than those referred to in paragraph 3 above, he shall inform Plaintiff's counsel in writing of the identity of the persons to whom he wishes to communicate the information and what information he desires to disclose. Plaintiff's counsel will then have seven (7) days to assert and object to such disclosure or communication. If counsel objects within the seven-day period to disclosure to the identified person, no such disclosure may be made without an order by the Court authorizing the same.

7. Any use at trial of documents or information therein designated confidential pursuant to this Protective Order shall be governed by the orders of the trial judge. This Protective Order does not govern the use of Confidential material at trial.

8. Nothing in this Order shall prevent counsel for the parties from referencing in support of oral or written legal arguments, documents or deposition testimony designated as "Confidential" pursuant to this Order, provided that such references do not contain quoted material from such confidential materials and, if such confidential materials are submitted to the Court, such submission is made in accordance and compliance with the other provisions contained in this Order. Local Civil Rule 79-5 sets forth the procedures that must be followed when a party seeks permission from the Court to file material under seal.

9. Nothing in this Order shall prevent any party from using any confidential information, regardless of how designated, in connection with other discovery proceedings in this matter, such as depositions, document requests, requests for admission or interrogatories, provided that the proceedings in which such confidential information is used shall themselves be treated as "Confidential" under the terms of this Order.

10. That the Plaintiff does not agree and will oppose any information regarding the protected health status of any third party being discovered or sought in discovery by the Defendant.

11. That neither party shall waive any right to seek the exclusion of any medical evidence at trial or for any other dispositive purpose.

12. Any acquiescence by the other party in a designation of information as "Confidential" shall not operate as a waiver of any party's right to subsequently dispute the appropriateness of such designation.

13. The terms of this Protective Order shall apply to all manner and means of discovery, including the inspection of books, records, documents, including

electronic data, and physical objects relevant to the actions filed by the parties.

14. Within thirty (30) days of the final termination of this proceeding, each receiving party shall either destroy or return to each producing party all materials which have been designated by the producing party as "Confidential" pursuant to this Order and shall destroy all copies, digests, or summaries which have been made of, or prepared from, such documents, and upon request shall provide the other party with a certificate attesting to such destruction.

15. This Order may be modified by further order of the Court or by agreement of counsel for the parties, subject to the approval of the Court, provided that any such agreement is memorialized in the form of a stipulation that shall be filed with the Court and made a part of the record in this case. The parties reserve the right to apply to the Court for an order modifying this Order or seeking further protection.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: December 18, 2014                    _____

                                            Honorable Sheri Pym

# PROOF OF SERVICE

[FRCP 5(B)]

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

On December 12, 2014, I filed the following document(s) described as: **STIPULATED PROTECTIVE ORDER** electronically through the CM/ECF system. All parties on the Notice of Electronic Filing to receive electronic notice have been served through the CM/ECF system.

| | |
|---|---|
| Alireza Alivandivafa<br>1925 Century Park East, Suite 2120<br>Los Angeles, CA 90067<br>Tel. (310) 570-2238<br>Fax (310) 300-1015 | Attorney for Plaintiff Hilyale Makor<br><br>E-mail: AAlivandi@gmail.com |
| Genie E. Harrison<br>Amber E. Phillips<br>Genie Harrison Law Firm<br>1111 S. Grand Avenue, Suite 101<br>Los Angeles, CA 90015<br>Tel. (213) 805-5201<br>Fax (213) 805-5306 | Attorneys for Plaintiff Hilyale Makor<br><br>E-mail: Genie@genieharrisonlaw.com<br>Amber@genieharrisonlaw.com |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 18, 2014, at Cerritos, California.

/s/ Cathleen M. Siler